# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRAMEELA INAGANTI and | : | |
| RAO INAGANTI, h/w, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| COLUMBIA PROPERTIES | : | |
| HARRISBURG LLC D/B/A | : | |
| HARRISBURG COURTYARD | : | NO.  10-1651 |
| BY MARRIOTT AND COLUMBIA | : | |
| SUSSEX CORPORATION A/K/A | : | |
| HARRISBURG COURTYARD | : | |
| BY MARRIOTT, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                May 25, 2010

Currently pending before the Court is the Motion of Plaintiffs Prameela Inaganti and Rao Inaganti for Remand.  For the following reasons, the Motion is denied.

## I.      FACTUAL BACKGROUND

According to the facts set forth in the Complaint, Plaintiff Prameela Inaganti was a guest at the Defendant's hotel in Harrisburg, Pennsylvania.  (Compl. ¶ 7.)  On January 29, 2008, while exiting the side entrance of the hotel, Plaintiff fell due to a "slippery substance and/or ice" outside the entrance of the hotel near the parking lot.  (Id.)  As a result, she sustained multiple severe and permanent orthopedic and neurological injuries.  (Id.)

Plaintiffs commenced the current action on January 27, 2010, by filing a Writ of Summons in the Philadelphia County Court of Common Pleas.  On February 25, 2010, Plaintiffs served Defendants with the Complaint, which alleged two counts of negligence, (id. ¶¶ 8-27), and two

counts of loss of consortium.  (Id. ¶¶ 28-31.)  The *ad damnum* clauses in Counts I through IV of the

Complaint sought losses for a sum in excess of $50,000.

In an apparent effort to determine whether Plaintiff believed their case to be worth more than

$75,000, Defendants served requests for admissions on Plaintiffs on March 10, 2010.  (Defs.' Resp.

Mot. Remand, Ex. D.)  The four requests contained in that document sought admissions as follows:

> 1.  The amount in controversy claimed by the plaintiffs in this action
>     does not exceed $75,000.00.
> . . .
>
> 2.  The total damages sustained by the plaintiffs in this action do not
>     exceed $75,000.00
> . . .
>
> 3.  The total amount of damages recoverable by the plaintiffs in this
>     action does not exceed $75,000.00.
> . . .
>
> 4.  The total amount of damages recoverable by the plaintiffs in this
>     action does not exceed $75,000.00, exclusive of interests and costs.

(Id.)  By way of answers dated April 4, 2010, Plaintiffs denied all of these requests for admissions

and indicated that Plaintiff Prameela Inaganti was "still treating and will need future treatment."

(Id.)

In light of this discovery, Defendants determined that the amount in controversy to be in

excess of $75,000.  On April 14, 2010, Defendants filed a Notice of Removal and successfully

removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Plaintiffs filed the

present Motion for Remand,[1] on May 3, 2010, claiming that Defendants failed to timely file their

---

[1]  Plaintiffs titled their Motion as a "Response to Notice of Removal of the Defendants."  Efforts
to remand a case to state court after a successful removal, however, are governed by 28 U.S.C. §
1447(c), which provides that, "[a] motion to remand the case on the basis of any defect other than
lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of
removal under section 1446(a)."  28 U.S.C. § 1447(c).  In accordance with this statute, the Court
treats Plaintiffs' filing as a Motion for Remand.

Notice of Removal, thus necessitating remand. Defendants responded on May 18, 2010.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. CIV.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. CIV.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. CIV.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc., No. CIV.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. CIV.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins.

3

Co., 977 F.2d 848, 851 (3d Cir.1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to

be strictly construed against removal and all doubts should be resolved in favor of remand.")

(quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

## III.    DISCUSSION

In their current Motion, Plaintiffs note that Defendants did not file their Petition for Removal

until April 14, 2010.  Because this date was more than seventy days after the initial Summons and

more than forty-two days after the Complaint was served on Defendants, Plaintiffs contend that the

matter must be remanded to the Philadelphia County Court of Common Pleas.  The Court disagrees.

> Under 28 U.S.C. § 1446(b):
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of the summons upon the
> defendant if such initial pleading has then been filed in court is not required to be
> served on the defendant, whichever is shorter.

Id. § 1446(b).

The United States Court of Appeals for the Third Circuit, following the United States

Supreme Court's decision in Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344 (1999), has

held that a summons may not serve as an "initial pleading" for purposes of triggering the thirty-day

removal period of 28 U.S.C. § 1446(b).  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir.

2005).  Rather, the reference to "initial pleading" in section 1446(b) describes the complaint, not the

summons or praecipe for writ of summons.  Sikirica, 416 F.3d 214, 223 (3d Cir. 2005); Polanco v.

Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007).  "Thus, removal is not proper until a

complaint has been served on the defendants."  Campbell v. Oxford Elec., Inc., No. CIV.A. 07-541,

2007 WL 2011484, at *2 (E.D. Pa. Jul. 5, 2007).  "Where . . . the defendants are served with a

summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint." Polanco, 474 F. Supp. 2d at 737 (E.D. Pa. 2007) (citing Murphy Bros., 526 U.S. at 354).

Where the basis for removal is diversity jurisdiction and a complaint does not clearly disclose that the requisite statutory amount is in controversy, however, the start date for the thirty-day removal period is not as clear-cut.[2] "It is not necessary that the amount in controversy be stated in the initial pleading in order to trigger the running of the thirty-day period for removal. Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." Sims v. PerkinElmer Instruments, LLC, No. CIV.A. 04-3773, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005) (quoting Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998)). The general rule is to decide the amount in controversy from the face of the complaint. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). Where the complaint specifically limits the amount in controversy to less than the jurisdictional minimum, the proponent seeking removal must prove to a legal certainty that the amount in controversy exceeds the statutory threshold of $75,000 for diversity cases. Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). Where the plaintiff has not expressly limited the amount in the complaint to less than the jurisdictional minimum, the

---

[2] Under 28 U.S.C. § 1332(a):

> district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

plaintiff, when challenging federal jurisdiction, bears the burden of proving to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold. <u>Id.</u> at 197. In cases with demands of indeterminate value, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." <u>Angus</u>, 989 F.2d at 146. A court must engage in an objective independent appraisal of the claim's value to determine whether the amount in controversy is satisfied." <u>Id.</u> Estimations of the total damage must be realistic and not based on "fanciful 'pie-in-the-sky' or simply wishful amounts." <u>Samuel-Bassett v. KIA Motors Am., Inc.</u>, 357 F.3d 392, 403 (3d Cir. 2004).

Multiple cases have held that when a complaint fails to allege with specificity damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy creates federal jurisdiction, the removal period is not triggered by service of the complaint. <u>See</u>, <u>e.g.</u>, <u>Bishop v. Sam's East, Inc.</u>, No. CIV.A.08-4550, 2009 WL 1795316, at *3-4 (E.D. Pa. Jun. 23, 2009) (where complaint contains general boilerplate allegations that plaintiff suffered a variety of "ills and injuries" and "psychological and emotional disorders" that have deprived her of "life's pleasures," an *ad damnum* clause seeking damages "in excess of $50,000" does not place defendant on notice of an amount in controversy in excess of $75,000); <u>Brown v. Modell's PA II, Inc.</u>, No. CIV.A. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. Jul. 1, 2008) (remarking that "plaintiff's complaint included allegations of apparently serious medical injuries, but it did not include any monetary amount of damages other than damages 'in excess of $50,000,'" which "did not put defendants on notice that the $75,000 amount in controversy requirement had been met"); <u>Admiral Paycheck Servs., Inc. v. Paychex, Inc.</u> No. CIV.A.07-0066, 2007 WL 2670287, at *3 (W.D. Pa. Sep. 7, 2007) (holding that complaint which alleged injuries due to loss of integrity and reputation, loss of business, and impairment of future earning capacity, but only specified that relief sought was in

excess of $25,000 did not put defendant on notice to a legal certainty that $75,000 amount in controversy requirement was met); <u>Marchiori v. Vanguard Car Rental USA, Inc.</u>, No. CIV.A.05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) (finding that although complaint alleged multiple specific and seemingly serious injuries to plaintiff, where *ad damnum* clause only sought an amount "in excess of $50,000," the allegations were not sufficient to put defendant on notice that the claimed damages were in excess of the federal threshold for removability); <u>Miranda v. Southland Corp.</u>, No. CIV.A.91-3267, 1991 WL 142648, at *2 (E.D. Pa. Jul. 22, 1991) (where the *ad damnum* clause sought relief in excess of $20,000 and the complaint was couched in boilerplate language that provided no indication as to the actual cost to plaintiff of medical treatment received, the amount of earnings lost as a result of the injury, the potential costs of future medical treatments, or the amount of projected loss of future earnings, defendant could not have justifiably filed a notice of removal until after receipt of discovery verifying that the amount in controversy exceeded the requisite amount).

In such cases where it is not apparent from the face of the complaint that the amount in controversy requirement has been satisfied, the second paragraph of section 1446(b) provides for an alternate thirty day removal period, as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). The Third Circuit has yet to clearly define "other paper." <u>Bishops</u>, 2009 WL 1795316, at *4 (noting absence of a Third Circuit decision on this issue). "The statute, however, is clear that the time for removal begins to run when the defendant receives the

requisite written notice of facts which make the case removable.  The statutory requirement of a

writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid

later battles of credibility between opposing parties and lawyers."  Broderick v. Dellasandro, 859 F.

Supp. 176, 178 (E.D. Pa. 1994).  As noted by Wright and Miller, courts have generally found that

> after an unremovable action has been commenced in state court and the defendant
> has been served with the summons, or the summons and complaint if state law
> requires, various discovery documents such as deposition transcripts, answers to
> interrogatories and requests for admissions, as well as amendments to ad damnum
> clauses of complaints, and correspondence between the parties and their attorneys or
> between the attorneys usually are accepted as 'other papers,' receipt of which can
> initiate a 30-day period of removability.

14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice &

Procedure § 3732, 547 (4th ed. 2009). (footnotes omitted); see, e.g., Bishop, 2009 WL 1795316, at

*4 (finding that plaintiff's reply to defendant's new matter clearly constitutes "other paper");

Brown, 2008 WL 2600253, at *3 (holding that requests for admissions qualify as "other paper"

sufficient to trigger the removal period); Marchiori, 2006 WL 724445, at *2 ("Plaintiff's response to

the removing defendants' first request for admissions constituted the 'other paper' that first notified

defendants that the case was removable."); Efford v. Milam, 368 F. Supp. 2d 380, 385-86 (E.D. Pa.

2005) (holding that letter from plaintiffs' attorney to defendants' attorney was "other paper," and

thus was sufficient to trigger thirty-day period for defendants to remove case to federal court where

letter was sent in response to letter by defendants' counsel inquiring about basis for lawsuit, letter

indicated that complaint had already been drafted, and letter stated that facts supported civil claim

under Racketeer Influenced and Corrupt Organizations Act (RICO)); Cabibbo v. Einstein/Noah

Bagel Partners, L.P., 181 F. Supp. 2d 428, 432-33 (E.D. Pa. 2002) (holding that section 1446(b)'s

reference to "other paper" encompasses answers to interrogatories); Broderick, 859 F. Supp. at 179-

180 (finding that attorney correspondence confirming plaintiff's residency was an "other paper" sufficient to trigger the thirty-day removal period). This "embracive scope" of "other paper" has been justified on the grounds that "[t]he intent of § 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists, and that information obtained from less formal sources like a deposition serves that purpose." Efford, 368 F. Supp. 2d at 385 (quotations omitted).

In the present case, the damages allegations of the Complaint state as follows:

13. As a result of the negligence and carelessness of the Defendants aforesaid, the Plaintiff, Prameela Inaganti was caused to suffer serious ad permanent personal injuries to her back, ribs, waist, buttocks and lower extremities. The Plaintiff, Prameela Inaganti suffered internal injuries of an unknown nature. Plaintiff suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system, and other injuries, the full extent of which is not yet known. Plaintiff has in the past and will in the future be unable to attend to her usual duties and occupation, all to her great financial loss and detriment. The plaintiff believes and therefore avers that her injuries are permanent in nature.

14. As a further result of the incident aforesaid, plaintiff, Prameela Inaganti has may and will probably in the future continue to suffer great pain and extreme agony, and she has been and probably will in the future be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

15. As a further result of this incident, plaintiff, Prameela Inaganti has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse expenses for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital, surgical and other expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

16. As a further result of this occurrence, plaintiff Prameela Inaganti, has sustained a severe loss and/or impairment or [sic] her earning capacity or

power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable.

17. As a direct sole result of this accident, plaintiff, Prameela Inaganti has and will hereinafter incur other financial expenses, damages and/or losses, including but not limited to loss of earnings, earning capacity and/or medical expenses, as well as further non-economic losses, and she will also continue to sustain medical bills, surgical costs, hospital charges for the remainder of her life, all to her great and continuing detriment and loss.

(Compl. ¶¶ 13-17 and 23-27.)  The Complaint also alleges that Plaintiff Rao Inaganti, as Prameela Inaganti's husband, was "deprived of society, companionship and consortium of his wife, all to his great detriment and loss."  (Id. ¶¶ 29, 31.)  The *ad damnum* clauses in the Complaint seek only an amount "in excess of" $50,000.

Nothing in these allegations, standing alone, gives Defendants adequate notice that the amount controversy satisfied the statutory requisite of $75,000.  The Complaint contains only general boilerplate allegations that plaintiff suffered a variety of physical and mental injuries and loss of earning capacity.  While these injuries are seemingly serious, Plaintiffs identify no precise injury or medical condition.  Indeed, the Complaint concedes that Plaintiff's internal injuries are of "an unknown nature."  Moreover, Plaintiffs provide no indication as to the actual cost of medical treatment received, amount of earnings lost, or amount of projected future medical treatments or lost wages.  Above all, Plaintiffs state only that the total amount of the injuries is "in excess of $50,000."  Taken together, these allegations simply do not permit Defendants to conclude, to a "legal certainty," that the damages claims meet the threshold for federal diversity jurisdiction.

Accordingly, the next step is for the Court to determine if and when the thirty-day removal period began running.  As set forth in detail above, within two weeks of being served with the

Complaint, Defendants served requests for admissions designed solely to determine if the requisite amount in controversy had been met. The four requests asked for admissions that the amount in controversy, the total damages sustained, and the total damages recoverable did not exceed $75,000. (Defs.' Resp. Mot. for Remand, Ex. D.)  In their responses, dated April 4, 2010,[3] Plaintiffs declined to admit any of these facts, thereby implicitly asserting a claim for potential damages above $75,000. Id. Such responses clearly constituted "other paper" for purposes of the second paragraph of 28 U.S.C. § 1446(b), and thus were sufficient to trigger the thirty-day removal period.

On April 14, 2010, Defendants filed a Notice of Removal and successfully removed the case based on diversity jurisdiction. Therefore, only ten days of the removal period elapsed prior to Defendants' filing of their Notice of Removal,[4] making it timely and creating no basis for this Court to order remand.

An appropriate order follows.

---

[3] Defendant asserts that although Plaintiffs' Responses to Defendants' Requests for Admissions were dated April 4, 2010, they were not faxed to Defendants until April 9, 2010. (Defs.' Resp. Mot for Remand, Ex. D.)  As resolution of this factual discrepancy will have no bearing on the decision on this Motion, however, the Court declines to discuss it beyond this cursory note.

[4] Plaintiffs argue that "Defendants had thirty days to request from the Plaintiffs by Stipulation whether or not their claims were worth in excess of $75,000." (Pls.' Mem. Supp. Mot. for Remand 2.)  Plaintiffs cite to, and this Court can find, no legal support to bolster this argument. Quite to the contrary, the controlling legal authority, as described in detail above, suggests that Defendants' chosen method of serving Requests for Admissions was an appropriate means in which to determine the amount in controversy.