# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRAMEELA INAGANTI and <br> RAO INAGANTI, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> COLUMBIA PROPERTIES <br> HARRISBURG LLC D/B/A <br> HARRISBURG COURTYARD <br> BY MARRIOTT AND COLUMBIA <br> SUSSEX CORPORATION A/K/A <br> HARRISBURG COURTYARD <br> BY MARRIOTT, <br><br> Defendants. | CIVIL ACTION <br><br><br><br><br><br> NO. 10-1651 |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                          June 14, 2010

Currently pending before the Court is the Motion of Defendants Columbia Properties Harrisburg, LLC and Columbia Sussex Corporation (collectively, "Moving Defendants") to Transfer Venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Motion is denied.

## I.   FACTUAL BACKGROUND

According to the facts set forth in the Complaint, Prameela Inaganti was a guest at the Defendant's hotel in Harrisburg, Pennsylvania. (Compl. ¶ 7.) On January 29, 2008, while exiting the side entrance of the hotel, Ms. Inaganti fell due to a "slippery substance and/or ice" outside the entrance of the hotel near the parking lot. (Id.) As a result, she sustained multiple severe and permanent orthopedic and neurological injuries. (Id.)

Plaintiffs Prameela and Rao Inaganti, husband and wife, commenced the current action on

January 27, 2010, by filing a Writ of Summons in the Philadelphia County Court of Common Pleas. On February 25, 2010, Plaintiffs served Defendants with the Complaint, which alleged two counts of negligence, (id. ¶¶ 8-27), and two counts of loss of consortium. (Id. ¶¶ 28-31.) Defendants successfully removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs subsequently moved to remand, which the Court denied on May 25, 2010.

On April 30, 2010, Defendants filed the present Motion to Transfer Venue to the United States District Court for the Middle District of Pennsylvania Pursuant to 28 U.S.C. § 1404(a). Via Stipulation signed by both parties, Plaintiffs responded on June 3, 2010. The Court now turns to the merits of this Motion.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also Connors v. UUU Prods., No. CIV.A.03-6420, 2004 WL 834726, at *6 (E.D. Pa. Mar. 5, 2004). The determination of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-878 (3d Cir. 1995) (federal law applies because questions of venue are procedural, rather than substantive).

Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Jumara, 55 F.3d at 879. Venue, in a diversity case, is proper "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." Park Inn Intern., L.L.C. v. Mody Enters., Inc. 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (summarizing 28 U.S.C. § 1391(a)).

Second, because the purpose of allowing § 1404(a) transfers is "'to prevent the waste of

time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense,'" Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D. Pa. 2001) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)), the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." Jumara, 55 F.3d at 879. The Third Circuit has outlined a non-exhaustive list of pertinent public and private interest factors to be weighed in this balancing test. The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Id. at 879. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80. The burden falls on the moving defendant to show the desirability of transferring venue and to present evidence upon which the court may rely in justifying transfer. Fellner ex rel. Estate of Fellner v. Philadelphia Toboggan Coasters, Inc., No. 05-CV-1052, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005).[1]

Notably, analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case."[2] Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996)

---

[1] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." Fellner, 2005 WL 2660351, at *4.

[2] The Third Circuit has noted that its extensive enumeration of factors to be balanced makes "a written opinion setting forth the reasons for transfer . . . highly desirable." Jumara, 55 F.3d at

(internal quotations omitted). In weighing the factors, the court should not grant a motion to transfer unless the moving party can demonstrate that the balance of interests strongly favors a change in venue. Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947); see also Saint-Gobain Calmar, Inc. v. Nat'l Prod. Corp., 230 F. Supp. 2d 655, 658 (E.D. Pa. 2002) (noting that party seeking transfer bears the burden of proving that transfer is proper). In this regard, the court's discretion is broad. See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir.1973). Nonetheless, "such motions are not to be liberally granted." Dinterman v. Nationwide Mut. Ins. Co., 26 F. Supp. 2d 747, 749 (E.D. Pa. 1998) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

In the case at bar, neither party disputes that the case "might have been brought" in Defendant's requested venue of the Middle District of Pennsylvania. The Complaint at issue clearly alleges that the dangerous condition existed and the injury was sustained in Harrisburg, Pennsylvania, thereby permitting venue to lie in the Middle District. (Compl. ¶ 7.) Accordingly, the Court turns to the second part of the inquiry: whether the convenience of the parties and witnesses, as well as the interests of justice, would be served by transferring this case to that forum. Considering the private and public interests enumerated by the Third Circuit, the Court finds that such a transfer is not warranted.

### A. Private Interests

#### 1. Plaintiffs' Choice of Venue

The analysis commences with an examination of Plaintiffs' choice of venue, as manifested by where the suit was originally brought. As a general rule, a plaintiff's choice of venue is of paramount consideration and "should not be disturbed lightly." In re Amkor Tech., Inc. v. Sec. Litig., No. CIV.A.06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006) (quoting Weber v.

---

880 (internal quotations omitted).

Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001)). "Moreover, where . . . the plaintiff files suit in its home forum, that choice is entitled to considerable deference." Am. Argo Corp. v. U.S. Fid. & Guar. Co., 590 F. Supp. 1002, 1004 (E.D. Pa. 1984). Notably, however, a plaintiff's "choice [of forum] receives less weight where none of the operative facts occurred in the selected forum." Fid. Leasing, Inc. v. Metavec Corp., No. 98-CV-6035, 1999 WL 269933, at *2 (E.D. Pa. Apr. 29, 1999); see also Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988) ("plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum.") (citations omitted).

In this case, the operative facts giving rise to Plaintiffs' injuries and claims against Defendants occurred at Defendants' hotel in Harrisburg, Pennsylvania – situated in the Middle District of Pennsylvania. Although this fact decreases the deference given to Plaintiffs' choice of forum, the Court notes that Plaintiffs are both residents of Harleysville, Pennsylvania and filed suit in the Philadelphia Court of Common Pleas, with removal occurring to their home forum of the Eastern District of Pennsylvania. As such, this district retains an interest in the parties and the subject matter of this case. Moreover, Defendants' proposed transferee forum is in the same state, meaning that Pennsylvania, regardless of district, has meaningful ties to the controversy. Given that Plaintiffs' choice of venue should generally not be disturbed unless there is no connection between the chosen forum and the lawsuit, the Court finds this factor to weigh against transfer.

### 2. Defendants' Preference

The second factor – defendant's forum choice – is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (citations omitted). Defendant's preference for the Middle District of Pennsylvania thus weighs lightly in favor of transfer.

### 3.     Whether the Claim Arose Elsewhere

It is well-established that "[w]hen the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Cancer Genetics, Inc. v. Kreatech Biotech., No. CIV.A.07-273, 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11, 2007). Nonetheless, "the final determination in a motion for transfer of venue does not rest on the situs of the tort," rather it is simply a consideration in the analysis. Jones v. BCJ Trucking, Inc., No. CIV.A.93-2079, 1993 WL 183836, at *4 (E.D. Pa. May 27, 1993).

In this case, the undisputed situs of the material events is within the Middle District of Pennsylvania. Ms. Inaganti was a guest in Defendants' Marriott Hotel, located in Harrisburg, Pennsylvania, the alleged dangerous condition existed right outside that hotel, and Ms. Inaganti fell and injured herself at that hotel. Defendants argue that this factor is important since it will be difficult for the jury and potential experts to view the premises if the case is retained in this forum.

The Court, however, finds that Defendants have not met their burden of identifying any real interests in efficiency or convenience that would be harmed by retention of the case in this district. First, it is highly unusual to have a jury view an accident scene. See Jones, 1993 WL 183836, at *4. This is particularly true in this case where the accident purportedly occurred on ice or a "slippery substance" outside the hotel – a substance that would likely no longer be there for the jury to observe. Moreover, the parties retain the ability to use photographs or video of the premises to inform the jury about the situs of the accident. Thus, the Court finds that while this factor favors transfer, it weighs only slightly in the analysis.

### 4.     Convenience of the Parties

The convenience of the parties factor similarly weighs against transfer. Defendants have their corporate offices in Crestview, Kentucky, meaning that neither potential forum would be

convenient to Defendants' corporate designee or other representatives. Plaintiffs, on the other hand, reside just outside of Philadelphia and will likely be active participants, not only in depositions and the trial, but also in all crucial court proceedings. Accordingly, the interests of justice favor a forum close to Plaintiffs so as to permit their full input into the litigation.

### 5. Convenience of Witnesses

The final private factor the Court includes in the balancing test[3] is the convenience of material witnesses. This "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. 01-CV-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001) (citing Lindley v. Caterpillar, Inc., 93 F. Supp.2d 615, 617 (E.D. Pa. 2000)). There are many different types of witnesses, however, and each one carries a different weight. "[F]act witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). Party witnesses or witnesses who are employed by a party, on the other hand, have little impact on the "balance of convenience" analysis since each party is obligated to procure the attendance of its own employees for trial. Id. Likewise, expert witnesses or witnesses who are retained by a party to testify carry little weight because they "are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any." See Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co., 99 F. Supp. 503, 505 (D. Del. 1951); see also Howell v. Shaw Indus. Nos. 93-CV-2068, 93-CV-2638, 1993 WL 387901, at *5 (E.D. Pa. Oct. 1, 1993) ("[T]he convenience of expert witnesses is generally given little weight in a motion to transfer venue.").

---

[3] Absent any argument by the parties, the Court does not consider the location of books and records in the balancing analysis.

7

In this case, Defendants identify multiple witnesses that they intend to call at trial. These include: (1) representatives or employees of Defendants, including Ashley Kepenko, the General Manager of the Courtyard Hotel by Marriott; (2) expert witnesses who may need to view the premises; (3) Keith Komon, the former general manager of the hotel who now resides in Enola, Pennsylvania; (4) Megan Donohoe, a former employee of the hotel who now resides in Lemoyne, Pennsylvania; (5) Byron Long, a possible witness who resides in Lehighton, Pennsylvania; (6) all persons who provided medical treatment to Plaintiff; and (7) Plaintiff's employer, SAP America, Inc., their agents, servants, and employees. (Defs.' Mot Transfer Venue, 4 and Ex. C.)

The first category of witnesses is comprised of party witnesses or witnesses employed by Defendants, whose attendance Defendants must procure for trial. As set forth above, such witnesses have little impact on the Court's decision. Similarly, with respect to the second category, the Court does not include expert witnesses in its convenience analysis.

As to the next three individuals, these are fact witnesses not under the control of either party. The first two (Keith Koman and Megan Donohoe) live over 100 miles from the Eastern District of Pennsylvania and the third (Byron Long) lives within this Court's subpoena power, but approximately seventy-eight miles from the Philadelphia courthouse.[4] Notably, however,

---

[4] Federal Rule of Civil Procedure 45(b)(2) sets forth a court's subpoena power as follows:

> Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
> (A) within the district of the issuing court;
> (B) *outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection*;
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Defendants' fail to explain either the nature or the materiality of the possible testimony by these witnesses. Nor have Defendants established or even suggested– as is their burden – that these witnesses would be unavailable or unwilling to testify in this district, or that testifying here will cause them any undue hardship. Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp. 2d 438, 447 (E.D. Pa. 1999) (noting that defendant had burden to show that non-party witnesses would be unavailable or unwilling to testify in this district or that they would suffer undue hardship).

Finally, with respect to the last two categories of witnesses – Ms. Inaganti's treating providers and employer – both Plaintiffs and Defendants agree that these are material witnesses. (Pls.' Resp. Mot. Transfer, Ex. A.) Of the treating medical providers, all five live within the Eastern District of Pennsylvania. From the Middle District of Pennsylvania's Harrisburg courthouse, however, four live outside the court's 100-mile subpoena power and one lives over eighty-eight miles away. "The greater convenience of the [Eastern] District for the hospital [and other medical] personnel is not only important to them, but to the local community because of the value of their services." Jones, 1993 WL 183836, at *4. Moreover, Plaintiff's employer's representative lives within the Eastern District of Pennsylvania and approximately ninety-three miles from the Middle District of Pennsylvania.[5]

In short, the majority of potential witnesses live in the Eastern District of Pennsylvania. The individuals within the Eastern District have been identified by both parties as having material information, while the witnesses closer to the Middle District have been named only by Defendants without any explanation of their possible contribution to the case. Given these circumstances, the Court finds that this factor weighs against the Motion to Transfer. Any inconvenience to the

---

FED. R. CIV. P. 45(b)(2) (emphasis added).

[5] The Court takes judicial notice of these distances as supplied by www.mapquest.com.

Defendants' witnesses – particularly the two former employees residing outside this Court's subpoena power – may easily be remedied by use of videotaped depositions.

### B.     Public Interests

As noted above, the public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

The parties address only the "practical considerations" factor.[6] Defendants contend that "[s]ince the [i]ncident giving rise to this case allegedly occurred in Harrisburg, a trial in this forum would not be convenient or inexpensive due to its distance from Harrisburg, which is more than 100 miles away." (Defs.' Mot. Transfer Venue 4-5.) Defendants attempt to bolster their argument by citing Jolly v. Faucet, No. CIV.A.06-3286, 2007 WL 137833 (E.D. Pa. Jan. 16, 2007). In that case, the court transferred a case from the Eastern District of Pennsylvania to Maryland where the incident occurred in Maryland and Maryland law applied to the suit. Id.

The Court finds Defendants' argument unconvincing. Primarily, all of Defendants' arguments under this section have previously been taken into consideration under other factors. Second, the Jolly case is entirely distinguishable. Unlike that case where the court did not discuss witness location, this case involves a substantial number of witnesses – witnesses important to both sides – who reside or work in the Eastern District of Pennsylvania. Further, unlike in Jolly, choice

---

[6] The Court remarks that public interest factors 1, 3, 5, and 6 are irrelevant. As both districts are located in the same state, both this Court and the Middle District are equally familiar with Pennsylvania law, which would appear to apply to this diversity case. Moreover, the two districts' public policies are the same and a judgment in either district would be easily enforceable. Finally, the parties have presented no information about relative court congestion that would render this a factor in the balancing test.

of law is not an issue since both potential forums are in Pennsylvania and Pennsylvania law will likely apply. Finally, whereas the defendants in Jolly were all Maryland residents, the Defendants in this case maintain their corporate offices and corporate representatives in Kentucky – a forum not requested by either party.

Overall, the Court observes that "there is a strong local interest in this case remaining in this district, since a resident of the district allegedly was injured and seeks a judicial remedy for that injury; this district has a strong interest in protecting its residents and providing a forum for resolution of that dispute." Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp.2d 438, 448 (E.D. Pa. 1999). Thus, while the public factors have little impact on the Court's balancing analysis, they tend to favor the denial of transfer.

### C. Conclusion

For all of the foregoing reasons, the Court finds that the Eastern District of Pennsylvania is the most appropriate venue for this case. The only concrete factors that weigh in favor of the transfer are that: (1) the accident occurred in the Middle District of Pennsylvania and (2) some, but not the majority, of the witnesses are closer to the Middle District than the Eastern District. Such factors, however, are not dispositive in deciding whether to grant a motion for transfer of venue. See generally Reimber-Young v. Tri-Corp. Amusements, No. CIV.A.93-4445, 1994 WL 27309, at *4 (E.D. Pa. Feb. 2, 1994) (finding that situs of accident and citizenship of defendant were not dispositive factors in a § 1404 analysis). Plaintiffs reside in the Eastern District of Pennsylvania, have chosen a Philadelphia-based courthouse as their forum, will be active participants in the trial, and will call a significant number of witnesses that are located in the Eastern District. Moreover, the Eastern District has an interest in protecting its own residents. Absent a showing by Defendants that the balance of interests strongly favors a change in venue, Plaintiffs are entitled to have their claim adjudicated here. See Gulf Oil, 330 U.S. at 508 ("unless the balance is strongly in favor of the

defendant, the plaintiff's choice of forum should rarely be disturbed."). Accordingly, the Court will deny Defendants' Motion to Transfer and retain the case in the Eastern District of Pennsylvania.

An appropriate Order follows.